IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03182-MEH

ARIN VANDERHEYDEN,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

## ORDER TO SHOW CAUSE

**Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court is Defendant's Notice of Removal. ECF 1. Defendant invokes this Court's jurisdiction pursuant to 28 U.S.C. § 1332. *Id.* at ¶ 5. This matter comes before the Court due to Defendant's failure to show that complete diversity of citizenship exists under prevailing law.

    "The district courts of the United States, as we have said many times, are 'courts of limited jurisdiction. They possess only that power authorized by Constitution and statute.'" *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (citation omitted). Pursuant to Section 1332, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a). Thus, "diversity jurisdiction exists only if no plaintiff and no defendant are citizens of the same state—that is, there must be 'complete diversity between all plaintiffs and all defendants.'" *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)). "[A] party invoking

diversity jurisdiction bears the burden of proving its existence by a preponderance of the evidence." *Id.*

The facts presently alleged are insufficient to establish the Plaintiff's citizenship. Defendant asserts, "Plaintiff is currently a resident of Colorado . . . . Additionally, Plaintiff has asserted that, at all times relevant to this matter he has resided at 3939 Starry Night Loop, Castle Rock, Colorado." ECF 1 at ¶ 6. For support of its position, Defendant cites to the Complaint, which alleges that "[a]t all times relevant, Plaintiff resided at 3939 Starry Night Loop, Castle Rock, Colorado." Compl. at ¶ 5, ECF 3. However, in the Tenth Circuit, residence is not sufficient, itself, to establish an individual's citizenship. "For purposes of diversity jurisdiction, a person is a citizen of a state if the person is ***domiciled*** in that state." *Middleton*, 749 F.3d at 1200 (citing *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983)) (emphasis added). "And a person acquires domicile in a state when the person resides there and intends to remain there indefinitely." *Id.* (citing *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there.")). Thus, domicile, not residency or mailing address, is determinative of an individual's citizenship. *Pac. Specialty Ins. Co. v. Poirier*, No. 18-cv-00880-PAB, 2018 WL 4697323, at *1 (D. Colo. June 27, 2018) (citing *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity.")); *see also Holyfield*, 490 U.S. at 48 ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another." (citations omitted)).

The Court has found no prevailing law demonstrating that residence is sufficient to establish domicile for purposes of Section 1332. "Although a party's residency, work address,

vehicle registration, and ownership of real property in a particular state are indicative of domicile, they are not conclusive." *Ordonez v. Am. Auto. Ins. Co.*, No. 18-cv-02906-PAB, 2018 WL 6075251, at *2 (D. Colo. Nov. 21, 2018) (citing *Middleton*, 749 F.3d at 1200-01 (stating that courts should "consider the totality of the circumstances" to determine a party's domicile)). "Courts typically consider **several other factors** in determining a party's citizenship, including 'voter registration and voting practices; . . . location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration; [and] payment of taxes.'" *Id.* (quoting *Dumas v. Warner Literary Grp.*, No. 16-cv-00518-RM-NYW, 2016 WL 10879185, at *2 (D. Colo. Apr. 29, 2016)) (citation omitted) (emphasis added). Defendant has addressed none of these other factors. *See Lowe v. Travelers Home & Marine Ins. Co.*, No. 19-cv-00983-PAB, 2019 WL 1615070, at *1 (D. Colo. Apr. 15, 2019) ("Although defendant alleges plaintiff is a citizen of Colorado, the citations to the state court complaint do not allow the Court to infer plaintiff's citizenship.").

Because the parties' allegations are presently insufficient to allow the Court to determine the Plaintiff's citizenship or whether the Court has jurisdiction, *see United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction.") (citations and internal quotation marks omitted), it is

ORDERED that Defendant file a written response to this Order to Show Cause **on or before November 9, 2020**, demonstrating why the Court should not remand this case (or recommend that it be remanded) for lack of subject matter jurisdiction.

Entered and dated at Denver, Colorado, this 26th day of October, 2020.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge