# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03182-MEH

ARIN VANDERHEYDEN,
          Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
          Defendant.

_____

## ANSWER AND JURY DEMAND
_____

The Defendant, State Farm Mutual Automobile Insurance Company (hereinafter "State Farm"), by and through its counsel, Campbell, Wagner, Frazier & Dvorchak, LLC, hereby submits its Answer and Jury Demand to the Plaintiff's Complaint.

### FIRST DEFENSE TO INTRODUCTION, PERSONAL JURISDICTION, SUBJECT MATTER JURISDICTION, VENUE, AND FACTUAL ALLEGATIONS

1. In relation to Paragraph 1 of the Complaint, State Farm is aware that the Plaintiff is seeking damages and that the Plaintiff believes it breached the insurance contract and violated C.R.S. § 10-3-1115, 1116, and 1104. State Farm disputes any allegations of wrongdoing.

2. Referring to the allegations contained in Paragraphs 2, 3 and 4, the Defendant submits that jurisdiction and venue are proper in the United States District Court for the District of Colorado as explained in the Defendant's Notice of Removal filed on October 23, 2020.

3. Defendant admits to those allegations in Paragraphs 5, 6, and 7.

4. Referring to the allegations contained in Paragraphs 8 and 9, the Defendant admits that it entered into a contract for insurance with the Plaintiff, Policy Number 285 7164-CO8-06A. The Defendant denies the remaining allegations contained in Paragraphs 8 and 9.

5. Defendant denies those allegations in Paragraph 10.

6. Paragraph 11 does not seek a response from Defendant. If it is determined that a response is required from Defendant, Defendant denies the same.

7. Referring to the allegations contained in Paragraph 12, Defendant admits that at the time of the motor vehicle accident, the Plaintiff's insurance policy was in full force and effect.

8. Referring to the allegations contained in Paragraph 13, the Defendant admits that the Plaintiff's policy of insurance with State Farm contained Underinsured Motorist Bodily Injury ("UIM") policy limits of $250,000.00 per person/per occurrence, subject to the policy's terms and conditions.

9. Referring to the allegations contained in Paragraphs 14, 15, 16, 17, and 18, the Defendant admits that the Plaintiff was involved in a motor vehicle accident on June 13, 2016. The Defendant further admits that Adam Burtschi was operating the car involved in the motor vehicle accident with the Plaintiff. The Defendant is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraphs 14, 15, 16, 17, and 18, and therefore denies the same.

10. Referring to the allegations contained in Paragraphs 19, 20, 21, 22, 23, and 24, the Defendant admits that the Plaintiff was involved in a motor vehicle accident on February 1, 2019. The Defendant further admits that Ryan Knotts was operating the

car involved in the motor vehicle accident with the Plaintiff. Further, the Defendant admits that the Plaintiff sustained some injuries as a result of the February 1, 2019, accident. The Defendant is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraphs 19, 20, 21, 22, 23, and 24, and therefore denies the same.

11. Defendant admits to the allegations in Paragraph 25, 26, 27, 28, 29, 30, and 31.

12. Referring to the allegations contained in Paragraph 32, Defendant denies.

13. Referring to the allegations contained in Paragraph 33, Defendant is without knowledge and information sufficient to form a belief as to the truth of allegations, and therefore denies the same.

14. Defendant denies the allegations contained in Paragraph 34.

15. Referring to the allegations contained in Paragraphs 35, 36, and 37, the Defendant submits that the documentation sent on February 10, 2020, speaks for itself and a response is not required from this Defendant. If it is determined that a response is required, State Farm denies the same.

16. Referring to the allegations contained in Paragraph 38, the Defendant submits that the February 10, 2020, letter speaks for itself and a response is not required. If it is determined that a response is required, the Defendant denies same.

17. Referring to the allegations in Paragraph 39, the Defendant admits same.

18. Referring to the allegations in Paragraph 40, the Defendant submits that the February 19, 2020, letter speaks for itself and a response is not required. If it is determined that a response is required, the Defendant denies same. Further, the Defendant denies any allegations of wrongdoing as articulated in Paragraph 40.

19. Referring to the allegations contained in Paragraph 41, the Defendant admits it provided consent to settle, and also admits it mistakenly identified the wrong party for whom consent was being sought.

20. Referring to the allegations contained in Paragraph 42, the Defendant is without information sufficient to form a belief as to the truth of the matter asserted and therefore denies.

21. Referring to the allegations contained in Paragraph 43, the Defendant submits that the February 20, 2020, letter speaks for itself and a response is not required. If it is determined that a response is required, the Defendant denies same.

22. Referring to the allegations contained in Paragraph 44, the Defendant admits that it provided consent to settle. The Defendant is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 44, and therefore denies same.

23. Defendant admits to the allegations in Paragraph 45.

24. Referring to the allegations contained in Paragraph 46, the Defendant is without information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

25. Referring to the allegations contained in Paragraphs 47 and 48, the Defendant submits that the March 5, 2020, letter speaks for itself and a response is not required. If it is determined that a response is required, the Defendant denies same.

26. Referring to the allegations contained in Paragraphs 49, 50, 52, and 54, Defendant submits that Plaintiff's March 19, 2020 letter speaks for itself and a response is not required. If it is determined that a response is required, the Defendant denies same.

27. Referring to the allegations contained in Paragraph 51, Defendant admits same.

28. Referring to the allegations contained in Paragraph 53, Defendant denies same.

29. Referring to the allegations contained in Paragraph 55, the Defendant is without information sufficient to form a belief as to the truth of the matter asserted and therefore denies same.

30. Referring to the allegations contained in Paragraph 56 the Defendant admits same.

31. Referring to the allegations contained in Paragraph 57, the Defendant submits that the April 2, 2020, letter speaks for itself and a response is not required. If it is determined that a response is required, the Defendant denies same.

32. Referring to the allegations contained in Paragraphs 58 and 59, the Defendant submits that the April 6, 2020, letter speaks for itself and a response is not required. If it is determined that a response is required, the Defendant denies same.

33. Referring to the allegations contained in Paragraph 60, the Defendant admits same.

34. Referring to the allegations contained in Paragraph 61, the Defendant denies.

35. Referring to allegations contained in Paragraphs 62, and 63, the Defendant submits that the April 17, 2020, letter speaks for itself and a response is not required. To the extent the Plaintiff asserts that a 'breakdown' of the offer was not provided by State Farm, the Defendant denies that allegation.

36. Referring to the allegations contained in Paragraph 64, the Defendant submits that the April 20, 2020, letter speaks for itself and a response is not required. If it is determined that a response is required, the Defendant denies same.

37. Referring to the allegations contained in Paragraph 65, the Defendant is without information sufficient to form a belief as to the truth of the matter asserted and therefore denies same.

38. Referring to the allegations contained in Paragraph 66, the Defendant submits that the April 28, 2020, letter speaks for itself and a response is not required. If it is determined that a response is required, the Defendant denies same.

39. Referring to the allegations contained in Paragraphs 67 and 68, the Defendant submits that the April 29, 2020, letter speaks for itself and a response is not required. If it is determined that a response is required, the Defendant denies same.

40. Defendant denies the allegations contained in Paragraphs 69 and 70.

41. Referring to the allegations contained in Paragraphs 71, 72, 74, and 76, the Defendant submits that the May 6, 2020, letter speaks for itself and a response is not required. If it is determined that a response is required, the Defendant denies same.

42. Referring to the allegations contained in Paragraph 73, the Defendant admits same.

43. Referring to the allegations contained in Paragraph 75, the Defendant denies same.

44. Referring to the allegations contained in Paragraph 77, the Defendant denies that it did not respond to the Plaintiff. The Defendant admits that, at the time, it did not request a medical authorization from the Plaintiff.

45. Referring to the allegations contained in Paragraph 78, the Defendant submits that the May 14, 2020, letter speaks for itself and a response is not required. If it is determined that a response is required, the Defendant denies same.

46. Referring to the allegations contained in Paragraph 79, the Defendant submits that the May 20, 2020, letter speaks for itself and a response is not required. If it is determined that a response is required, the Defendant denies same.

47.     Referring to the allegations contained in Paragraph 80, the Defendant submits that the June 15, 2020, letter speaks for itself and a response is not required. If it is determined that a response is required, the Defendant denies same. Further, the Defendant denies that it had previously failed to respond as alleged.

48.     Referring to the allegations contained in Paragraph 81, the Defendant submits that the June 15, 2020, letter speaks for itself and a response is not required. If it is determined that a response is required, the Defendant denies same. Further, the Defendant denies the allegations of delay, and allegations that State Farm had failed to respond.

49.     Referring to the allegations contained in Paragraph 82, the Defendant submits that the June 22, 2020, letter speaks for itself and a response is not required. If it is determined that a response is required, the Defendant denies same.

50.     Referring to the allegations contained in Paragraph 83, the Defendant submits that the June 23, 2020, letter speaks for itself and a response is not required. If it is determined that a response is required, the Defendant denies same.

51.     Referring to the allegations contained in Paragraphs 84, and 85, the Defendant denies same.

52.     Referring to the allegations contained in Paragraphs 86, 87, and 88, the Defendant submits that the June 29, 2020, letter speaks for itself and a response is not required. If it is determined that a response is required, the Defendant denies same.

53. Referring to the allegations contained in Paragraph 89, the Defendant admits same.

54. Referring to the allegations contained in Paragraph 90, the Defendant admits that it can obtain an independent medical examination of the Plaintiff, or request additional records pursuant to the terms of the policy of insurance.

55. Defendant denies the allegations contained in Paragraph 91.

56. Referring to the allegations contained in Paragraph 92, the Defendant submits that the July 14, 2020, letter speaks for itself and a response is not required. If it is determined that a response is required, the Defendant denies same.

57. Referring to the allegations contained in Paragraph 93, the Defendant submits that the July 14, 2020, letter speaks for itself and a response is not required. If it is determined that a response is required, the Defendant denies same. Further, Defendant denies that it failed to respond to the Plaintiff, and denies that its explanations were 'unreasonable' as alleged.

58. Referring to the allegations contained in Paragraphs 94, and 95, the Defendant submits that the August 7, 2020, letter speaks for itself and a response is not required. If it is determined that a response is required, the Defendant denies same. Further, Defendant denies that it failed to respond to the Plaintiff, and denies that its explanations were 'unreasonable' as alleged.

59. Referring to the allegations contained in Paragraph 96, Defendant admits that it provided Plaintiff with a certified copy of Plaintiff's insurance policy on August 18, 2020, but denies that this was the first time that Defendant had sent such a copy to Plaintiff.

60. Referring to the allegations contained in Paragraphs 97, 98, 99, 100, 101, and 102, Defendant denies same.

61. Referring to the allegations contained in Paragraph 103, Defendant admits that it uses the advertising slogan "like a good neighbor."

62. Referring to the allegations contained in Paragraph 104, a response is not required from the Defendant. If it is determined that a response is required, the Defendant denies same.

### **FIRST DEFENSE TO FIRST CLAIM FOR RELIEF**
*(Breach of Contract – Underinsured Motorist Coverage)*

63. Referring to Paragraph 105, Defendant admits and denies as set forth in this Answer.

64. Referring to the allegations contained in Paragraph 106, the Defendant admits that the Plaintiff had automobile insurance with the Defendant, which included UM/UIM benefits subject to the terms and conditions of the Policy. The Defendant denies the remaining allegations contained in Paragraph 106.

65. Referring to the allegations contained in Paragraphs 107, Defendant admits that the parties disagree as to the damages for which Plaintiff is entitled to recover under his UM/UIM policy.

66. Referring to the allegations contained in Paragraph 108, the Defendant denies same.

67. Referring to the allegations contained in Paragraph 109, the Defendant admits the Plaintiff sustained some injury in the subject motor vehicle accidents. The Defendant, however, continues to deny the nature, cause and extent of Plaintiff's injuries and damages.

68. Referring to the allegations contained in Paragraphs 110, 111, 112, 113, 114, 115, 116, 117, 118, and 119 (including all subparts),

### FIRST DEFENSE TO SECOND CLAIM FOR RELIEF
*(Bad Faith Breach of Insurance Contract)*

69. Referring to the allegations contained in Paragraph 120, Defendant admits and denies as set forth above.

70. Referring to the allegations contained in Paragraphs 121, 122, 123, 124, 125, and 126 (including all subparts), Defendant denies same.

### FIRST DEFENSE TO THIRD CLAIM FOR RELIEF
*(Violation of C.R.S. §§ 10-3-1115, 1116, and 1104)*

71. Referring to Paragraph 1(second), Defendant admits that Plaintiff's insurance policy with State Farm had UM/UIM limits of $250,000 per person/per occurrence, and the policy speaks for itself.

72. Referring to the allegations contained in Paragraph 2(second), the Defendant submits that the provisions of C.R.S. §10-3-1115, speak for themselves and a response is not required from this Defendant.

73. Referring to the allegations contained in Paragraph 3(second), 4(second - including all subparts), 5(second) and 6(second), Defendant denies.

74. All other allegations not specifically admitted are denied.

**SECOND DEFENSE**

That the Plaintiff may have failed to mitigate his damages, if any, by taking such reasonable steps under the circumstances as would reduce his injuries and damages, if any; and any damages resulting from the Plaintiff's failure to take such reasonable steps cannot be recovered.

**THIRD DEFENSE**

That the Plaintiff's non-economic damages, if any, are limited by C.R.S. § 13-21-102.5.

**FOURTH DEFENSE**

That this Defendant is entitled to setoff of any amounts previously paid to the Plaintiff and of the underlying liability limits of the tortfeasor.

**FIFTH DEFENSE**

Plaintiff's claims for damages are barred or reduced to the extent such damages were not proximately caused by the accident at issue, and to the extent such injuries were caused by prior and/or subsequent events for which Defendant is not responsible.

**SIXTH DEFENSE**

That the Plaintiff's recovery of any benefits under the State Farm insurance policy at issue is subject to and limited by all of the terms, conditions, limitations and exclusions of said policy, including but not limited to, applicable policy limits and/or limits of liability, setoffs and primacy conditions.

**SEVENTH DEFENSE**

That the Plaintiff's claims for payment of insurance benefits under the State Farm insurance policy may be barred by conditions precedent, including failure to comply with

the policy's cooperation clause and/or failure to fulfill his duties in the event of loss as specified in the policy. Specifically, and upon information and belief, the Plaintiff did not provide supporting documentation of the Plaintiff's alleged lost wages.

WHEREFORE, the Defendant State Farm Mutual Automobile Insurance Company prays for judgment in its favor, costs, expert witness fees, and such other and further relief as the Court deems just and proper.

**THE DEFENDANT DEMANDS THAT THE MATTERS HEREIN JOINED BE TRIED TO A JURY**

Respectfully submitted this 30th day of October, 2020.

By: *s/      Rebecca K. Wagner*
Rebecca K. Wagner (CO Bar No. 33473)
Campbell, Wagner, Frazier & Dvorchak, LLC
5251 DTC Parkway, Suite 350
Greenwood Village, Colorado  80111
(303) 831-5990
Email:  rwagner@cwfd-law.net
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of October, 2020, I presented the foregoing **ANSWER AND JURY DEMAND** to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification to all counsel of record.

*s/ Robert A. Zahradnik-Mitchell*
Robert A. Zahradnik-Mitchell