**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-03182-MEH

ARIN VANDERHEYDEN,
Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
Defendant.

---

**DEFENDANT'S RESPONSE TO THE COURT'S OCTOBER 26, 2020 ORDER TO SHOW CAUSE**

---

Defendant, by and through its counsel, Campbell, Wagner, Frazier & Dvorchak, LLC, hereby submits its Response to the Court's October 26, 2020 Order to Show Cause, and states as follows:

## BACKGROUND

The Plaintiff, Arin Vanderheyden, was involved in two separate motor vehicle accidents in Douglas County, Colorado on June 13, 2016 and February 1, 2019. More than four (4) years after the first accident, on October 1, 2020, the Plaintiff filed the present lawsuit. State Farm Mutual Automobile Insurance Company ("State Farm") removed the Plaintiff's lawsuit to federal court, asserting diversity jurisdiction existed under 28 U.S.C. § 1332(a). On October 26, 2020, the Court entered an Order to Show Cause requiring State Farm to "show cause on or before November 9, 2020,

demonstrating why the Court should not remand this case (or recommend that it be remanded) for lack of subject matter jurisdiction." Docket No. 7 at 3.

## ARGUMENT

Federal district courts have original jurisdiction of all civil actions when the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1). The party invoking federal jurisdiction must prove such jurisdiction exists only by a preponderance of the evidence. *See Mid-Continent Pipe Line Co. v. Whiteley*, 116 F.2d 871, 873 (10th Cir. 1940).

### A. The Amount in Controversy Exceeds $75,000

A defendant seeking removal need only include a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Op. Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

The Plaintiff's representation in the state court civil cover sheet affirming he is seeking a monetary judgment in excess of $100,000 is sufficient to show that the amount in controversy exceeds the $75,000 threshold. *See Paros Properties, LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1272-73 (10th Cir. 2016) ("There is no ambiguity in the cover sheet. And we see no reason to not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceeding…"). The Plaintiff marked the box on the civil case cover sheet indicating that he is seeking a monetary judgment that exceeds $100,000. Docket No. 1, Exhibit A, Colorado Civil Case Cover Sheet.

Furthermore, at the time of both of the accidents subject to this action, the Plaintiff was insured by a State Farm policy with Underinsured Motorist Bodily Injury

("UIM") limits of $250,000 per person. Docket No. 1 at 2, ¶¶ 8-13. Plaintiff also asserts State Farm has committed statutory bad faith. Docket No. 16 at 12-13, ¶ 6. Plaintiff would be entitled to recover reasonable attorney fees and two times the covered benefit if successful on his statutory bad faith claim. C.R.S. § 10-3-1116(1).

The Plaintiff's civil case cover sheet and complaint both plausibly allege that the amount in controversy exceeds $75,000, and thus satisfies the threshold requirement for diversity jurisdiction.

**B. <u>The Parties are Citizens of Different States</u>**

For purposes of 28 U.S.C. § 1332 and 28 U.S.C. § 1441, a corporation is a citizen of every state in which it has been incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). State Farm is both incorporated and has its principal place of business in Illinois. Docket No. 1, Exhibit C.

For an individual, state citizenship is equivalent to domicile for purposes of federal diversity jurisdiction. *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006). A district court should consider the totality of the circumstances when determining a person's domicile for diversity-jurisdiction. *Middleton v. Stephenson*, 749 F.3d 1197, 1200-01 (10th Cir. 2014) (internal citations omitted). "Courts typically consider several other factors in determining a party's citizenship, including 'voter registration and voting practices; ***situs of personal and real property***; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; ***place of employment*** or business; driver's license and automobile registration; [and] ***payment of taxes***.'" Id. (citing 13E Charles Alan Wright et al., *Federal*

*Practice and Procedure* § 3612, at 536 (3d ed.2009).) (citation omitted) (emphasis added).

State Farm incorporates the evidence of the Plaintiff's domicile it provided in its Notice of Removal. Docket No. 1 at 2, ¶ 6. In addition to our prior showing that Plaintiff owns real property in the state of Colorado, the Plaintiff has confirmed, through his attorney, that he currently resides in Colorado. *See* Email from Plaintiff's Attorney, attached as Exhibit A. While Plaintiff's attorney did not confirm whether or not Plaintiff intends to remain in Colorado, Plaintiff's LinkedIn profile demonstrates that he is currently employed at the Denver International Airport in Colorado and has been so employed since May 2017. *See* Plaintiff's LinkeIn Page, attached as Exhibit B. Furthermore, Plaintiff has paid taxes to the state of Colorado on the income he earned through his position with the Denver International Airport as evidenced in his 2017 tax returns. *See* Plaintiff's 2017 Form W-2 Wage and Tax Statement, attached as Exhibit C.

The above facts show that Plaintiff is a current resident of Colorado, owns property in Colorado, pays taxes to the state of Colorado, and is employed by the state of Colorado. Considering the totality of circumstances, State Farm has demonstrated that the Plaintiff's domicile is Colorado and he is a citizen of a different state than State Farm. Having previously established that the amount in controversy exceeds $75,000, State Farm respectfully requests this Court find diversity jurisdiction exists and discharge the Show Cause Order entered on October 26, 2020.

Respectfully submitted this 9th day of November, 2020.

By: *s/* Emma K Knight

        Rebecca K. Wagner (CO Bar No. 33473)
Emma K. Knight (CO Bar No. 49591)
Campbell, Wagner, Frazier & Dvorchak, LLC
5251 DTC Parkway, Suite 350
Greenwood Village, Colorado 80111
(303) 831-5990
Email: rwagner@cwfd-law.net
eknight@cwfd-law.net
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of November, 2020, I presented the foregoing **DEFENDANT'S RESPONSE TO THE COURT'S OCTOBER 26, 2020 ORDER TO SHOW CAUSE** to the Clerk of the Court for filing and uploading to the CM/ECF system.

*s/*Emma K Knight