# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03182-MEH

ARIN VANDERHEYDEN,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.
_____
## SCHEDULING ORDER
_____

**1.  DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

    1.    A Scheduling Conference is scheduled for December 7, 2020, beginning at 11:15 a.m.

    2.    Plaintiff Arin Vanderheyden is represented by Todd Scardina and Sean R. Cumberlege of Scardina Law, 1245 E. Colfax Avenue, Suite 302, Denver, Colorado 80218.

    3.    Defendants State Farm Mutual Automobile Insurance Company is represented by Rebecca K. Wagner and Emma K. Knight of Campbell, Wagner, Frazier & Dvorchak, LLC, 5251 DTC Parkway, Suite 350, Greenwood Village, Colorado 80111, (303) 831-5990.

## 2.  STATEMENT OF JURISDICTION

On October 23, 2020, Defendant removed this action from District Court in Douglas County, State of Colorado, pursuant to 28 U.S.C. § 1441(a). This Court has subject matter jurisdiction over the matter, pursuant to 28 U.S.C. § 1332(a), because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

## 3.  STATEMENT OF CLAIMS AND DEFENSES

<u>Plaintiff:</u>

In this action, Plaintiff, Arin Vanderheyden, (hereinafter "Plaintiff") seeks damages arising from the breach of contract, bad faith breach of contract, and violation of C.R.S. § 10-3-1115, 1116, and 1104 by his insurance company, Defendant State Farm Mutual Automobile Insurance Company (hereinafter "Defendant").

Prior to June 13, 2016, Defendant entered into a contract for automobile insurance coverage with Plaintiff with a policy number 285 7164-C08-06A that included Uninsured/Underinsured Motorist Benefit limits of at least $250,000 per person/per occurrence ("the Policy").

On June 13, 2016 Plaintiff was involved in a motor vehicle collision when Adam Burtschi failed to stop and rear-ended Plaintiff while travelling on I-25 near Castle Rock ("first accident"). Plaintiff suffered injuries and damages as a result of the collision. The first accident was solely the result of the negligent conduct of Adam Burtschi.

On February 1, 2019, Plaintiff was again involved in a motor vehicle collision when Ryan Knotts changed lanes and negligently collided with Plaintiff's vehicle while travelling on I-25 near Castle Rock ("second accident"). Plaintiff suffered exacerbation of the same

2

injuries he had suffered in the June 13, 2016 collision. The second accident was solely the result of the negligent conduct of Ryan Knotts.

Plaintiff filed case number 2019CV030487 in Douglas County District Court. Plaintiff ultimately settled his liability claims against Adam Burtschi for $60,000. Plaintiff also settled his liability claims against Ryan Knotts for $100,000, or Mr. Knotts liability insurance policy limits. Defendant did not intervene in the Lawsuit, despite being invited to do so.

After resolving his liability claims against the underlying tortfeasors, Plaintiff submitted two separate UIM claims with Defendant because his past and future economic and non-economic damages arising from the first and second accident exceeded the available underlying liability insurance from each tortfeasor.

In both the first and second UIM claim, Plaintiff presented evidence to Defendant in the form of medical records and expert reports that proved his damages as a result of each accident greatly exceeded the available liability limits of insurance and therefore entitled him to UIM benefits.

As a result of an incomplete and unreasonable evaluation of Plaintiff's damages, Defendant refused to pay *any* underinsured motorist benefits arising from the First Accident. Defendant only offered Plaintiff $5,000 in underinsured motorist benefits arising from the Second Accident. During the course of evaluating both the first and second UIM claims, Defendant unreasonably, recklessly, and/or willfully delayed or denied payment of benefits to which Plaintiff is entitled as a first party claimant. This action followed. Plaintiff continues to treat his lumbar injuries consistent with Dr. Knight's expert narrative

3

report on Plaintiff's future treatment needs. As a result, Plaintiff continues to incur accident-related medical bills.

Defendant:

Defendant asserts the following:

That the Plaintiff may have failed to mitigate his damages, if any, by taking such reasonable steps under the circumstances as would reduce his injuries and damages, if any; and any damages resulting from the Plaintiff's failure to take such reasonable steps cannot be recovered.

That the Plaintiff's non-economic damages, if any, are limited by C.R.S. § 13-21-102.5.

That this Defendant is entitled to setoff of any amounts previously paid to the Plaintiff and of the underlying liability limits of the tortfeasor.

Plaintiff's claims for damages are barred or reduced to the extent such damages were not proximately caused by the accidents at issue, and to the extent such injuries were caused by prior events for which Defendant is not responsible.

That the Plaintiff's recovery or any benefits under the State Farm insurance policies at issue is subject to and limited by all of the terms, conditions, limitations and exclusions of said policies, including but not limited to, applicable policy limits and/or limits of liability, setoffs and primacy conditions.

That the Plaintiff's claims for payment of insurance benefits under the State Farm insurance policy may be barred by conditions precedent, including failure to comply with the policy's cooperation clause and/or failure to fulfill his duties in the event of loss as

specified in the policy. Specifically, and upon information and belief, the Plaintiff did not provide supporting documentation of the Plaintiff's alleged lost wages.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

1. The Plaintiff was involved in a motor vehicle accident on June 13, 2016, with a vehicle driven by Adam Burtschi in Castle Rock, Colorado.

2. The Plaintiff was involved in a motor vehicle accident on February 1, 2019 with a vehicle driven by Ryan Knotts in Castle Rock, Colorado.

3. At the time of both of the accidents, Plaintiff was insured under State Farm policy number 2857164-CO8-06A for the 2012 Nissan Frontier he was driving. That policy contained UM/UIM coverage in the amount of $250,000 per person/$500,000, per incident. State Farm also insured Mr. Vanderheyden's wife under policy number 2857164-CO8-06B for a Toyota FJ Cruiser, also with UM/UIM coverage in the amount of $250,000 per person/$500,000, per incident.

4. Plaintiff submitted two claims for uninsured/underinsured motorist benefits to State Farm stemming from each motor vehicle accident.

### 5. COMPUTATION OF DAMAGES

a. Plaintiff:

| DAMAGES ALLOCATION WORKSHEET | | | | |
|---|---|---|---|---|
| Date of Bill | Facility | TOTAL COST | 1ST ACCIDENT | 2ND ACCIDENT |
| 1ST ACCIDENT OCCURS | | | | |

5

| | | | | |
|---|---|---|---|---|
| 6/13/16 | Castle Rock Adventist | $2,125.50 | $2,125.50 | NULL |
| 6/13/16 | Diversified Radiology | $59.00 | $59.00 | NULL |
| 6/13/16 | ER Physicians at Porter | $665.00 | $665.00 | NULL |
| 6/14/16 | Denver Vail Orthopedics | $270.00 | $135.00 | NULL |
| 6/17/16 | ProCare PT | $200.00 | $100.00 | NULL |
| 6/17/16 | ProCare PT | $270.00 | $135.00 | NULL |
| 6/19/16 | Denver Vail Orthopedics | $176.00 | $88.00 | NULL |
| 6/20/16 | ProCare PT | $330.00 | $165.00 | NULL |
| 6/22/16 | ProCare PT | $360.00 | $180.00 | NULL |
| 6/29/16 | ProCare PT | $360.00 | $180.00 | NULL |
| 7/5/16 | Denver Vail Orthopedics | $176.00 | $88.00 | NULL |
| 7/8/16 | ProCare PT | $330.00 | $165.00 | NULL |
| 7/13/16 | ProCare PT | $330.00 | $165.00 | NULL |
| 7/18/16 | ProCare PT | $330.00 | $165.00 | NULL |
| 7/29/16 | ProCare PT | $330.00 | $165.00 | NULL |
| 8/12/16 | ProCare PT | $300.00 | $150.00 | NULL |
| 8/26/16 | ProCare PT | $330.00 | $165.00 | NULL |
| 9/2/16 | ProCare PT | $330.00 | $165.00 | NULL |
| 11/11/16 | ProCare PT | $300.00 | $150.00 | NULL |
| 11/16/16 | ProCare PT | $300.00 | $150.00 | NULL |
| 11/21/16 | ProCare PT | $360.00 | $180.00 | NULL |
| 11/30/16 | ProCare PT | $330.00 | $165.00 | NULL |
| 12/7/16 | ProCare PT | $300.00 | $150.00 | NULL |
| 12/14/16 | ProCare PT | $300.00 | $150.00 | NULL |
| 12/21/16 | ProCare PT | $330.00 | $165.00 | NULL |
| 3/20/17 | ProCare PT | $360.00 | $180.00 | NULL |
| 4/3/17 | ProCare PT | $330.00 | $165.00 | NULL |
| 4/24/17 | ProCare PT | $300.00 | $150.00 | NULL |
| 9/14/18 | Knight Spine & Sport | $753.30 | $376.65 | NULL |
| 9/24/18 | Health Images | $1,742.00 | $871.00 | NULL |
| 9/28/18 | Knight Spine & Sport | $492.48 | $246.24 | NULL |
| 10/1/18 | Knight Spine & Sport | $1,127.52 | $563.76 | NULL |
| 10/1/18 | SurgCenter of Castle Rock | $3,015.00 | $1,507.50 | NULL |
| 11/19/18 | Denver International Spine Center | $636.00 | $318.00 | NULL |
| 11/26/18 | Center for Spine & Orthopedics | $548.30 | $274.15 | NULL |

| | | | | |
|---|---|---|---|---|
| 12/5/18 | Cornerstone Family Practice | $182.00 | $91.00 | NULL |
| 12/14/18 | Invision Sally Jobe | $165.00 | $82.50 | NULL |
| | **SECOND ACCIDENT OCCURS** | | | |
| 2/1/19 | Castle Rock Adventist | $6,702.62 | NULL | $6,702.62 |
| 2/1/19 | Castle Rock Fire & Rescue | $777.00 | NULL | $777.00 |
| 2/1/19 | Diversified Radiology | $31.00 | NULL | $31.00 |
| 2/1/19 | USACS OF COLORADO | $974.59 | NULL | $974.59 |
| 2/3/19 | Castle Rock Adventist | $10,861.45 | NULL | $10,861.45 |
| 2/3/19 | Diversified Radiology | $262.00 | NULL | $262.00 |
| 2/3/19 | USACS OF COLORADO | $974.59 | NULL | $974.59 |
| 2/5/19 | Knight Spine & Sport | $492.48 | $123.12 | $123.12 |
| 2/8/19 | Knight Spine & Sport | $492.48 | $123.12 | $123.12 |
| 2/13/19 | ProCare PT | $360.00 | $90.00 | $90.00 |
| 2/15/19 | ProCare PT | $280.00 | $70.00 | $70.00 |
| 2/20/19 | ProCare PT | $330.00 | $82.50 | $82.50 |
| 2/22/19 | ProCare PT | $360.00 | $90.00 | $90.00 |
| 2/25/19 | ProCare PT | $330.00 | $82.50 | $82.50 |
| 3/1/19 | ProCare PT | $360.00 | $90.00 | $90.00 |
| 3/6/19 | ProCare PT | $360.00 | $90.00 | $90.00 |
| 3/8/19 | ProCare PT | $280.00 | $70.00 | $70.00 |
| 3/11/19 | Resilience Code (Murray Solsberg) | $135.00 | $33.75 | $33.75 |
| 3/12/19 | Resilience Code (Murray Solsberg) | $176.00 | $44.00 | $44.00 |
| 3/15/19 | Health Images | $1,742.00 | $435.50 | $435.50 |
| 3/15/19 | Knight Spine & Sport | $492.48 | $123.12 | $123.12 |
| 3/18/19 | ProCare PT | $330.00 | $82.50 | $82.50 |
| 3/25/19 | ProCare PT | $330.00 | $82.50 | $82.50 |
| 3/29/19 | Knight Spine & Sport | $492.48 | $123.12 | $123.12 |
| 4/3/19 | ProCare PT | $330.00 | $82.50 | $82.50 |
| 4/5/19 | ProCare PT | $360.00 | $90.00 | $90.00 |
| 4/8/19 | ProCare PT | $330.00 | $82.50 | $82.50 |
| 4/12/19 | ProCare PT | $360.00 | $90.00 | $90.00 |
| 4/15/19 | ProCare PT | $280.00 | $70.00 | $70.00 |
| 4/17/19 | ProCare PT | $300.00 | $75.00 | $75.00 |

| | | | | |
|---|---|---|---|---|
| 4/24/19 | ProCare PT | $330.00 | $82.50 | $82.50 |
| 4/26/19 | Knight Spine & Sport | $492.48 | $123.12 | $123.12 |
| 4/26/19 | ProCare PT | $360.00 | $90.00 | $90.00 |
| 4/29/19 | ProCare PT | $360.00 | $90.00 | $90.00 |
| 5/1/19 | ProCare PT | $300.00 | $75.00 | $75.00 |
| 5/6/19 | Knight Spine & Sport | $1,127.52 | $281.88 | $281.88 |
| 5/6/19 | SurgCenter of Castle Rock | $3,015.00 | $753.75 | $753.75 |
| 5/20/19 | Knight Spine & Sport | $1,127.52 | $281.88 | $281.88 |
| 5/20/19 | SurgCenter of Castle Rock | $3,015.00 | $753.75 | $753.75 |
| 6/7/19 | ProCare PT | $360.00 | $90.00 | $90.00 |
| 6/10/19 | ProCare PT | $330.00 | $82.50 | $82.50 |
| 6/21/19 | Knight Spine & Sport | $492.48 | $123.12 | $123.12 |
| 7/15/19 | Knight Spine & Sport | $1,127.52 | $281.88 | $281.88 |
| 7/15/19 | SurgCenter of Castle Rock | $3,015.00 | $753.75 | $753.75 |
| 8/6/19 | Knight Spine & Sport | $492.48 | $123.12 | $123.12 |
| 9/12/19 | Knight Spine & Sport | $492.48 | $123.12 | $123.12 |
| 9/28/19 | Knight Spine & Sport | $492.48 | $123.12 | $123.12 |
| 10/30/19 | Knight Spine & Sport | $492.48 | $123.12 | $123.12 |
| 2/4/20 | Knight Spine & Sport | $492.48 | $123.12 | $123.12 |
| 2/10/20 | Knight Spine & Sport | $1,127.52 | $281.88 | $281.88 |
| 2/10/20 | SurgCenter of Castle Rock | $3,015.00 | $753.75 | $753.75 |
| 2/25/20 | Knight Spine & Sport | $492.48 | $123.12 | $123.12 |
| 3/4/20 | Knight Spine & Sport | $492.48 | $123.12 | $123.12 |
| 3/9/20 | Knight Spine & Sport | $1,127.52 | $281.88 | $281.88 |
| 3/9/20 | SurgCenter of Castle Rock | $3,015.00 | $753.75 | $753.75 |
| 4/2/20 | Knight Spine & Sport | $492.48 | $123.12 | $123.12 |
| 4/16/20 | Knight Spine & Sport | $492.48 | $123.12 | $123.12 |
| 4/27/20 | Knight Spine & Sport | $1,127.00 | $281.75 | $281.75 |
| 4/27/20 | SurgCenter of Castle Rock | $3,015.00 | $753.75 | $753.75 |
| 5/14/20 | Knight Spine & Sport | $492.48 | $123.12 | $123.12 |
| 6/11/2020 | Knight Spine & Sport | $492.48 | $123.12 | $123.12 |
| 7/9/2020 | Knight Spine & Sport | $492.48 | $123.12 | $123.12 |
| 8/11/2020 | Knight Spine & Sport | $492.48 | $123.12 | $123.12 |

| 9/16/2020 | Knight Spine & Sport | $492.48 | $123.12 | $123.12 |
|---|---|---|---|---|
| | Safeway Prescriptions | $7,316.41 | $1,829.10 | $1,829.10 |
| | Walgreens Prescriptions | $62.75 | $15.69 | $15.69 |
| | Lost Income (1st accident) | $358.22 | $89.56 | $89.56 |
| | Lost Income (2nd accident) | $1,531.07 | $382.77 | $382.77 |
| | Mileage | $145.00 | $36.25 | $36.25 |
| Total (past economic damage allocation) | | **$92,724.52** | **$24,368.96** | **$33,955.91** |
| | | | | |
| **FUTURE TREATMENT** | | | | |
| | | | | |
| Lumbar cortisone epidural injections (6x a year for 3 years) | | $265,266.00 | $66,316.50 | $66,316.50 |
| Lumbar multilevel fusion | | $278,740.00 | $69,685.00 | $69,685.00 |
| Follow-up evaluations (4x a year for 5 years) | | $5,520.00 | $1,380.00 | $1,380.00 |
| Trigger point injections (one course of treatment) | | $580.00 | $145.00 | $145.00 |
| Lumbar facet joint injections (one course of treatment) | | $12,173.00 | $3,043.25 | $3,043.25 |
| SI joint injections (one course of treatment) | | $1,656.00 | $414.00 | $414.00 |
| | | | | |
| Total (future medical expenses allocation | | **$563,935.00** | **$140,983.75** | **$140,983.75** |
| | | | | |
| **Total Medical Bills (past and future)** | | **$656,659.52** | **$165,352.71** | **$174,939.66** |
| | | | | |
| **LOST INCOME** | | | | |
| | | | | |
| Lost Income allocated to each accident | | **$1,889.29** | **$358.22** | **$1,531.07** |

Plaintiff's medical expert, Dr. Pamela Knight, has opined that Plaintiff's lumbar injuries are 50% pre-existing and 50% collision-related. Dr. Knight also believes that both collisions are equally responsible for 50% of Plaintiff's current lumbar injuries (25% each).

**Permanent Impairment:**

9

Plaintiff has suffered permanent impairment as a result of the injuries he sustained in the June 13, 2019 and February 1, 2019 collisions. The total value of Plaintiff's damages for permanent impairment will be determined by the jury at trial.

**Non-economic damages:**

Plaintiff has suffered past and future non-economic damages including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, and impairment of quality of life. The total value of Plaintiff's non-economic damages will be determined by the jury at trial.

**Pre and post-judgment interest:**

Plaintiff also seeks pre-judgment and post-judgment interest on any amount awarded at trial.

**Right to Amend:**

Plaintiff reserved his right to amend this computation of damages pursuant to discovery as well as any findings or opinions of any expert or any other expert retained in this matter to include any damages, including expectation, consequential, punitive, and incidental damages to which Plaintiff is entitled under law, reasonable attorneys' fees as provided under any applicable law, regulation, rule, or contract provision, any and all costs as provided under any applicable law, regulation, rule, or contract provision, prejudgment and post judgment interest at the highest rate available under law, and any and all other legal and equitable relief as this Court deems just.

b.     Defendant:

The Defendant is not claiming any damages at this time. The Defendant reserves its right to seek any damages, attorney's fees, or costs in the future.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.   Date of Rule 26(f) meeting: November 20, 2020.

b.   Names of each participant and party he/she represented.

<u>For the Plaintiff:</u>

Sean R. Cumberlege, Atty. Reg #41392
Scardina Law
1245 E. Colfax Avenue, Suite 302
Denver, Colorado 80218
Telephone: (720) 420-9068
Fax: (303) 845-5594
E-mail: sean@scardinalaw.com

<u>For the Defendants:</u>

Emma K. Knight, Atty. Reg. #49591
Campbell, Wagner, Frazier & Dvorchak, LLC
5251 DTC Parkway, Suite 350
Greenwood Village, Colorado 80111
Telephone:  (303) 831-5990
Fax:  (303) 832-7144
E-mail:  eknight@cwfd-law.net

c.   Statement as to when Rule 26(a)(1) disclosures were made or will be made.

Plaintiff's Rule 26(a)(1) disclosures will be served by December 4, 2020.

Defendants' Rule 26(a)(1) disclosures will be served by December 8, 2020.

d.   Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

None.

e.   Statement concerning any agreements to conduct informal discovery:

11

No agreements, but the parties are open to discussing informal discovery if it would serve to reduce litigation costs.

f.      Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

Counsel agree that they will work together on agreements and procedures to reduce the cost of litigation. Counsel also agree to use a unified exhibit numbering system for depositions.

g.      Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The Defendant's claim file is maintained in electronic format, and copies of the relevant, discoverable portions of the claim file will be produced. The Defendant does not anticipate the need for extensive ESI.

h.      Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The Parties are open to settlement negotiations after some discovery has been completed.

### 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

a.      Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

Each side shall be limited to 5 depositions each, excluding experts, and 25 interrogatories.

b.	Limitations which any party proposes on the length of depositions.

Depositions shall be limited to a length of one-day of seven hours, without prior agreement or absent leave of Court.

c.	Limitations which any party proposes on the number of requests for production and/or requests for admission.

Each side shall be limited to 25 requests for production and 25 requests for admission.

d.	Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:

May 23, 2021.

e.	Other Planning or Discovery Orders

Before filing a motion for an order relating to a discovery dispute, the movant must request a conference with the Court by submitting an email, copied to all parties, to hegarty_chambers@cod.uscourts.gov. See Fed. R. Civ. P. 16, cmt. 2015 Amend. The court will determine at the conference whether to grant the movant leave to file the motion.

Plaintiff: Plaintiff requests that Defendant provide the name and title of the representative(s) it may designate no later than 5 days before the Fed. R. Civ. P. 30(b)(6) deposition.

Plaintiff objects to Defendant's request regarding the redaction of amounts paid for medical treatment.

Defendant:

Fed. R. Civ. P. 30(b)(6) Deposition Procedure: To the extent the Plaintiff requests a Fed. R. Civ. P. 30(b)(6) deposition of the Defendant, and to facilitate the Fed. R. Civ. P.

30(b)(6) process, the procedure shall be as follows: the Plaintiff shall provide the Defendant a draft list of proposed 30(b)(6) topics, which shall be designated with reasonable particularity and not exceed a reasonable number of topics. Defendant shall have fourteen (14) days from the date of the Plaintiff's draft list of proposed 30(b)(6) topics within which to provide any objections and/or comments to the Plaintiff's proposed topics and to identify which representative(s) it may designate for the proposed topics. Upon agreement of the Fed. R. Civ. P. 30(b)(6) topics, the Parties shall confer to schedule the 30(b)(6) deposition. If the Parties are unable to come to an agreement as to the proposed topics for a Fed. R. Civ. P. 30(b)(6) deposition, the Parties will set a hearing with the Court to determine the topics on which the Plaintiff may seek deposition testimony from the Defendant at a Fed. R. Civ. P. 30(b)(6) deposition.

No information concerning amounts paid for medical treatment or health insurance carrier information shall be redacted, as the same is not protected from disclosure under Rule 26(a)(1) or other discovery, irrespective of whether the same may ultimately be admissible at trial.

Defendant objects to Plaintiff's request that it provide the name and title of its 30(b)(6) representative within five days of deposition.

f. Before filing a motion related to a discovery dispute, the movant must request a conference with the Court by submitting an email, copied to all parties, to hegarty_chambers@cod.uscourts.gov. *See* Fed. R. Civ. P. 16, cmt. 2015 Amend. The Court will determine at the conference whether to grant the movant leave to file the motion.

## 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: January 21, 2021

b. Discovery Cut-off: <u>July 7, 2021</u>

*Conference)*

c. Dispositive Motion and Motions Pursuant to Fed. R. Evid. 702, 703 and 704 Deadline: <u>August 7, 2021</u>

d. Expert Witness Disclosure

1. The parties shall identify anticipated fields of expert testimony, if any.

<u>Plaintiff:</u> Plaintiff may disclose the following experts: any medical treatment provider; medical experts in orthopedics and surgery, pain management and anesthesia, physiatry; experts in the reasonable cost of medical bills (past and future); experts in accident reconstruction; experts in biomechanics; experts in functional capacity evaluation; experts in economics; and experts in the standard of care applicable to insurers.

<u>Defendant:</u> The Defendant anticipates retaining a medical doctor to perform a medical records review and/or a Rule 35 exam.

2. Limitations which the parties propose on the use or number of expert witnesses.

Excluding non-retained medical treatment providers for Plaintiff, each side shall be limited to five retained (5) experts per party.

15

>   3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before: <u>April 7, 2021</u>
>
>   4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before: <u>May 7, 2021</u>

e. Identification of Persons to Be Deposed:

<u>Plaintiff:</u> Plaintiff anticipates taking the deposition of the Rule 30(b)(6) designee for Defendant State Farm. If State Farm designates an individual other than Betsy Nesmith, then Plaintiff anticipates taking the deposition of Ms. Nesmith. Plaintiff reserves the right to depose any other individuals upon conducting further discovery.

<u>Defendants:</u>  Defendant anticipates taking the deposition of the Plaintiff and his retained experts, if any. Defendant reserves the right to depose any other individuals upon conducting further discovery.

## 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times:_____

b. A final pretrial conference will be held in this case on October 4, 2021 at 10:30 o'clock a.m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a.  Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

None.

b.  Anticipated length of trial and whether trial is to the court or jury.

Five to six day jury trial.

c.  Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado 81303-3439.

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13.  AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 7th day of December, 2020.

BY THE COURT:

S/Michael E. Hegarty
Michael E. Hegarty
Unites States Magistrate Judge

APPROVED:

| s/ Sean R. Cumberlege | s/ Emma K. Knight |
|---|---|
| Sean R. Cumberlege, Esq, #41392 | Rebecca K. Wagner, #33473 |
| Todd Scardina, Esq, #40333 | Emma K. Knight, #49591 |
| Scardina Law | Campbell, Wagner, Frazier & Dvorchak, LLC |
| 1245 E. Colfax Ave., Suite 302 | 5251 DTC Parkway, Suite 350 |
| Denver, CO 80218 | Greenwood Village, CO  80111 |
| Telephone: (720) 420-9068 | Telephone: (303) 831-5990 |
| *Counsel for Plaintiff* | *Counsel for Defendant* |