IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 20-cv-03182-CMA-MEH

ARIN VANDERHEYDEN,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTIONS *IN LIMINE***

---

This matter is before the Court on Plaintiff Arin Vanderheyden's Motions *in Limine*. (Doc. # 34.) For the following reasons, the Court grants Plaintiff's first and third motions *in limine* and denies the second.

## I.    BACKGROUND

This case arises from an insurance dispute relating to two separate motor vehicle accidents. The first accident occurred on June 13, 2016, when Plaintiff was rear-ended by non-party Adam Burtschi while driving on Interstate 25 ("I-25") near Castle Rock, Colorado. (Doc. # 51 at ¶ 19.) At the time, Mr. Burtschi was insured under a Country Financial auto policy with liability limits of $100,000 per person and $300,000 per incident. (Doc. # 34 at 3.) The second accident occurred on February 1, 2019, again on I-25. (Doc. # 51 at ¶ 24.) Plaintiff was driving southbound when non-party Ryan Knotts

changed lanes and collided with Plaintiff's vehicle, causing Plaintiff's vehicle to collide with a third vehicle and the concrete barriers on the side of I-25. (*Id.* at ¶¶ 25–27.) Mr. Knotts was insured by Allstate and also had policy limits of $100,000 per person/$300,000 per incident. (Doc. # 45 at 1–2.)

Plaintiff filed a lawsuit relating to both motor vehicle collisions in Colorado state court on June 10, 2019. (Doc. # 51 at ¶ 35.) He ultimately settled with Mr. Burtschi for $60,000, which was less than the $100,000 in available liability insurance. (Doc. # 34 at 3.) Plaintiff settled with Mr. Knotts for $100,000, the policy limits. (Doc. # 51 at ¶¶ 40, 53.)

After resolving his liability claims against the underlying tortfeasors, Plaintiff submitted two separate claims for underinsured motorist ("UIM") benefits to his insurer, Defendant State Farm Mutual Automobile Insurance Company ("State Farm"). At the time of the accidents, Plaintiff was insured under policies with State Farm that included uninsured/underinsured motorist benefit limits of at least $250,000 per person/per occurrence. (Doc. # 51 at ¶¶ 6–17.) Plaintiff contends that as a result of an incomplete and unreasonable evaluation of Plaintiff's damages, State Farm refused to pay any UIM benefits arising from the first accident and offered only $5,000 in UIM benefits arising from the second accident. *See* (Doc. # 73 at 3.)

Plaintiff initiated this lawsuit against State Farm in Colorado state court on October 1, 2020. *See* (Doc. # 3 at 1.) State Farm removed the action to this Court on October 23, 2020. (Doc. # 1.) In his Amended Complaint (Doc. # 51), Plaintiff asserts claims for (1) breach of contract; (2) common law bad faith breach of insurance

contract; and (3) unreasonable denial of covered UIM benefits in violation of Colo. Rev. Stat. §§ 10-3-1115, -1116, and -1104.

Plaintiff filed the instant Motions *in Limine* on September 13, 2021. (Doc. # 34.) Therein, he moves to (1) exclude evidence of collateral sources in the form of private health insurance; (2) exclude evidence of Plaintiff's acceptance of the $60,000 settlement offer from Mr. Burtschi in the underlying civil action; and (3) exclude any references to the damages award required under Colo. Rev. Stat. § 10-3-1116(1). State Farm filed a Response opposing the latter two motions *in limine*. (Doc. # 45.) The Court will address each in turn.

## II.   LEGAL STANDARD

The purpose of a motion *in limine* is to aid the trial process by enabling the Court "to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *United States v. Cline*, 188 F. Supp. 2d 1287, 1291 (D. Kan. 2002) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d. Cir. 1996)). Pretrial rulings may save time at trial and save the parties time, effort, and cost in preparing their cases. *Id.* However, in many cases, such rulings are better left until trial when the Court can assess the question in light of the evidence presented at trial. *Koch v. Koch Industries, Inc.*, 2 F. Supp. 2d 1385, 1387–88 (D. Kan. 1998).

The moving party "has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Pinon Sun Condo. Ass'n, Inc. v. Atain Specialty Ins. Co.*, No. 17-cv-01595-CMA-NRN, 2020 WL 1452166, at *3 (D. Colo. Mar. 25, 2020)

(quoting *First Sav. Bank, F.S.B. v. U.S. Bancorp*, 117 F. Supp. 2d 1078, 1082 (D. Kan. 2000)). Denial of a motion *in limine*, however, does not mean that all of the evidence contemplated by the motion will automatically be admitted at trial. *Id.* Rather, "the court may alter its limine ruling based on developments at trial or on its sound judicial discretion." *Id.* (quoting *First Sav. Bank*, 117 F. Supp. 2d at 1082). A ruling *in limine* does not "relieve a party from the responsibility of making objections, raising motions to strike, or making formal offers of proof during the course of trial." *Thweatt v. Ontko*, 814 F.2d 1466, 1470 (10th Cir. 1987).

### III.   DISCUSSION

**A.   MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF COLLATERAL SOURCES IN THE FORM OF PRIVATE HEALTH INSURANCE**

First, Plaintiff moves to preclude evidence of collateral sources in the form of Plaintiff's private health insurance benefits. (Doc. # 34 at 2.) He seeks to prohibit the mention of "health insurance," "Blue Cross Blue Shield," or "Anthem." (*Id.*) State Farm does not oppose Plaintiff's motion to exclude evidence of his health insurance from trial because it is a collateral source. (Doc. # 45 at 2.) Accordingly, the motion is granted.

**B.   MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF PLAINTIFF'S ACCEPTANCE OF A $60,000 SETTLEMENT OFFER IN UNDERLYING CIVIL ACTION**

Next, Plaintiff moves to exclude evidence of his settlement of the underlying lawsuit with Mr. Burtschi for $60,000, which was less than Mr. Burtschi's $100,000 policy limit. (Doc. # 34 at 3.) Plaintiff argues that his decision to settle the claim for less than the available policy limits "bears no relevance to the value of his UIM claim or whether State Farm acted reasonably" because, in Colorado, "an insured is not required

to exhaust all underlying coverage as a condition precedent to making a claim for UIM benefits." (*Id.* at 4.) Rather, the plain language of the statute "requires that UIM policies cover the difference between the damages the insured party suffered and the limit of any liable party's legal liability coverage, regardless of whether the insured party's recovery from the liable party exhausted that limit." *Tubbs v. Farmers Ins. Exch.*, 353 P.3d 924, 926 (Colo. App. 2015). Plaintiff argues that evidence of the $60,000 settlement "would only be introduced to confuse the jury into concluding a nexus between Plaintiff's settlement and the value of the claim." (Doc. # 34 at 4.) He contends such evidence would be confusing and prejudicial.

In response, State Farm argues that Plaintiff's decision to settle his claim for $60,000—$40,000 less than the policy limit—is relevant because in order to be entitled to UIM benefits, Plaintiff must prove that his damages exceeded $100,000. (Doc. # 45 at 4.) State Farm contends that the jury "could infer that the Plaintiff's decision to leave $40,000 on the table means he does not believe that that value of his claim exceeds $100,000, in which case State Farm would not be liable for Plaintiff's claims for the first accident." (*Id.*) Moreover, State Farm argues that the jury is capable of hearing the evidence and deciding for themselves whether Plaintiff's settlement for less than the policy limits is an indication that Plaintiff does not actually believe that his damages exceeded $60,000. (*Id.*)

Although the Court agrees with Plaintiff that evidence of the settlement offer is legally irrelevant as to whether Plaintiff is entitled to UIM benefits under the statute, it may be relevant as to the value of Plaintiff's claim and as to whether Plaintiff believed

5

the value of his damages exceeded $100,000. At this juncture, Plaintiff has not adequately shown that the evidence is inadmissible. The motion *in limine* is therefore denied.

**C.     MOTION *IN LIMINE* TO EXCLUDE ANY REFERENCES TO THE DAMAGES AWARD REQUIRED UNDER COLO. REV. STAT. § 10-3-1116(1).**

Finally, Plaintiff moves to exclude any references to the statutory damages award set forth in Colo. Rev. Stat. § 10-3-1116(1), which requires an award of "reasonable attorney fees and court costs and two times the covered benefit" if Plaintiff proves that State Farm unreasonably delayed or denied the benefits owed to him. (Doc. # 34 at 5.) Plaintiff argues that evidence of the statutory damages is not relevant to any determination a jury must make: The only factual findings the jury must make is whether the covered benefit was unreasonably delayed or denied and the amount of the covered benefit. Then, based on the jury's verdict, the Court awards two times the covered benefit and reasonable attorney fees. *See Seidman v. Am. Fam. Mut. Ins. Co.*, No. 14-cv-3193-WJM-KMT, 2016 WL 8201768, at *3 (D. Colo. Sept. 13, 2016) ("Adding on the penalty is a matter solely for the Court when drafting the judgment."). The Court agrees with Plaintiff that evidence of the statutory damages is irrelevant and must be excluded. *See Carpenter v. Am. Fam. Mut. Ins. Co.*, No. 13-cv-01986-REB-CBS, 2015 WL 13612171, at *2 (D. Colo. Sept. 23, 2015) ("Evidence of the potential award of two times the covered benefit plus reasonable attorney fees is not relevant to any determination a jury must make on such a claim."). Moreover, discussion of the statutory penalty "may tend to confuse or prejudice a jury into reducing its eventual award." *Toy v. Am. Fam.*

*Mut. Ins. Co.*, No. 12-cv-01683-PAB-MJW, 2014 WL 486173, at *1 (D. Colo. Feb. 6, 2014).

State Farm argues that evidence of the statutory award is relevant when considering the actions of Plaintiff's attorney in this matter. (Doc. # 45 at 7.) Specifically, State Farm notes that Plaintiff alleges that State Farm acted unreasonably by "[f]ailing to acknowledge and act reasonably upon communications with respect to Plaintiff's claims under the Policy"; however, State Farm contends that Plaintiff's attorney caused this confusion by labelling correspondence sent to State Farm with both claim numbers instead of differentiating between claims for their separate files. (*Id.*) State Farm argues that the financial interest of Plaintiff's counsel in a potential attorney fee award is relevant to shed light on Plaintiff's counsel's "motivation for continuing to submit correspondence to State Farm in a confusing manner after being asked not to." (*Id.* at 8.) In the alternative, State Farm requests that the jury be permitted to know that there is some penalty under Colo Rev. Stat. § 10-3-1116, even if the full extent or precise nature of the damages is not revealed. (*Id.*)

Based on the information provided in the briefing and in the case file, the Court concludes that evidence of the statutory penalty is irrelevant. Further, any probative value that the evidence may have towards demonstrating the motivation of Plaintiff's counsel with respect to written communications is outweighed by the risk of confusing the jury and potential prejudice to Plaintiff in a reduction of the damages award. *See Toy*, 2014 WL 486173, at *1 ("Colorado courts are reluctant to inform the jury of treble damages because such information 'may tend to confuse or prejudice a jury into

7

reducing its eventual award' and thereby frustrate the goal of deterring improper conduct and promoting private enforcement of the statute." (quoting *Heritage Vill. Owners Ass'n, Inc. v. Golden Heritage Invs., Ltd.*, 89 P.3d 513, 518 (2004))). The Court therefore grants Plaintiff's motion *in limine*.

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS that Plaintiff's Motion *in Limine* (Doc. # 34) is GRANTED IN PART and DENIED IN PART as set forth in this Order. Plaintiff's first and third motions *in limine* are granted and Plaintiff's second motion *in limine* is denied.

DATED: September 12, 2022

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge