# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03182-CMA-MEH

ARIN VANDERHEYDEN,
    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
    Defendant.

## DEFENDANT'S MOTION IN *LIMINE*

Defendant State Farm Mutual Automobile Insurance Company ("State Farm") through its attorneys, Campbell, Wagner & Frazier, LLC, hereby submits its Motion in *Limine*. In support of its Motion, State Farm states the following:

### **CERTIFICATE OF CONFERRAL PURSUANT TO D.C.COLO.LCivR 7.1(a)**

Undersigned counsel conferred with Plaintiff's counsel regarding both issues raised in State Farm's Motion in *Limine*. Plaintiff opposes this Motion in its entirety.

### I.    INTRODUCTION

Through this Motion in *Limine*, State Farm is asking the Court to exclude any reference, evidence, or argument on two topics. First, State Farm asks the Court to exclude the amount of UIM coverage available to Plaintiff under the two (2) State Farm policies under which he is eligible for coverage. State Farm seeks to exclude this information pursuant to Federal Rules of Evidence 401 and 403. Second, State Farm asks this Court to exclude reference, testimony, evidence, and argument regarding the

coverage investigation undertaken post-litigation pursuant to Federal Rules of Evidence 401, 403, and 501.

By way of background, Plaintiff was involved in two (2) motor vehicle accidents. The first occurred in 2016 and the second occurred in 2019. Plaintiff is claiming that he suffered injuries, damages, and losses from both accidents and that the value of his damages from each accident exceed the amount of the at-fault driver's liability insurance. As such, Plaintiff presented UIM claims to State Farm related to both accidents.

Plaintiff's State Farm policy, in force on the dates of loss, included UIM coverage with limits of $250,000 per person. Additionally, prior to litigation, Plaintiff represented to State Farm that he and Ms. Lauren Anthony lived together and were common law married at the time of both accidents. As such, State Farm afforded UIM coverage to Plaintiff under Ms. Anthony's policy – a policy that included UIM coverage with a $250,000 per person limit, for both the 2016 and 2019, accidents.

Through the course of discovery, however, significant doubt arose as to whether the Plaintiff and Ms. Anthony were, in fact, common law married. In particular, Plaintiff testified during his deposition, under oath and penalty of perjury, that he and Ms. Anthony *were not married* at the time of the accidents, and had not yet married at the time of his deposition. Plaintiff's testimony sparked the need for further investigation.

After the Plaintiff testified that he was not married to Ms. Anthony, defense counsel investigated further based on the disclosures exchanged to date and the pleadings filed with the Court. In doing so, State Farm uncovered additional evidence

2

that contradicted Plaintiff's pre-litigation claim that he and Ms. Anthony were common law married.

Nevertheless, despite the fact that significant doubt still existed in relation to Plaintiff's marital status, State Farm made the decision, in consultation with counsel, to afford coverage under both the Plaintiff and Ms. Anthony's policies. As such, when this matter proceeds to trial, it is undisputed that the combined UIM coverage available to Plaintiff is $500,000 per person for the 2016 accident and $500,000 per person for the 2019 accident.

Currently, and pursuant to Plaintiff's First Amended Complaint, Plaintiff asserts Breach of Contract, Bad Faith Breach of Insurance Contract, and Violation of C.R.S. §§ 10-3-1115, 1116, and 1104, with respect to both accidents. Doc. 51 at 18-22. As is relevant here, a number of allegations refer to defense counsel's post-litigation conduct in relation to the coverage investigation undertaken following Plaintiff's deposition. *See id.* at 15-17, ¶¶ 106-116.

## II.  LEGAL AUTHORITY FOR DEFENDANTS' MOTION IN *LIMINE*

Federal Rule of Evidence 401 states evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Irrelevant evidence is not admissible. Fed. R. Evid. 402. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

When a federal court hears a case premised on diversity jurisdiction, state law controls the determination of attorney-client privilege issues. *A.H. v. Evenflo Co.*, Civil Action No. 10-cv-02435-RBJ-KMT, 2012 WL 1957302, 2012 U.S. Dist. LEXIS 76100 *4 (D. Colo. May 31, 2012). In Colorado, the attorney-client privilege is "established by the act of a client seeking professional advice from a lawyer and extends only to confidential matters communicated by or to the client in the course of gaining counsel, advice, or direction with respect to the client's rights or obligations." *People v. Tucker*, 232 P.3d 194, 198 (Colo. App. 2009). The common-law attorney-client privilege has been codified in Colorado at C.R.S. § 13-90-107(1)(b) which states, "[a]n attorney shall not be examined without the consent of his client as to any communication made by the client to him or his advice given thereon in the course of professional employment." *Id.*

### III.    LEGAL ARGUMENT

#### A.    Motion in *Limine* Re: Exclusion of State Farm UIM Policy Limits

In order for Plaintiff to succeed on his breach of contract claim, he must prove that he sustained damages from each accident and then that the value of those damages exceeds the amount of the liability insurance carried by the at-fault driver for each accident. If the Plaintiff is successful in that regard, then State Farm would have breached its contract for the amount the jury determined Plaintiff's damages exceeded the liability insurance for each accident.

The amount of the UIM policy limits available to Plaintiff under the applicable State Farm policies does not have any tendency to make a fact of consequence any

more or less probable. The UIM policy limits have no bearing on the jury's ability to determine whether Plaintiff suffered damages from the 2016 and 2019 accidents, or their value. As such, they are not relevant with respect to Plaintiff's claim for breach of contract.

Additionally, the UIM policy limits are also not relevant to the jury's determination of Plaintiff's claims for Bad Faith Breach of Contract or Violation of C.R.S. §§ 10-3-1115, 1116, and 1104. With respect to those claims, the jury will be tasked with deciding, in part, whether State Farm delayed or denied payment of UIM benefits to Plaintiff without a reasonable basis and, if so, what amount of benefits were unreasonably delayed or denied. While the liability policy limits of the at-fault driver in each accident are arguably relevant as the jury must understand any offsets applied by State Farm in order to determine whether UIM benefits were owed, the UIM policy limits are not relevant. The jury can hear the testimony and evidence regarding Plaintiff's injuries and damages, State Farm's basis for challenging those losses, and then decide whether payment of insurance benefits were delayed or denied without a reasonable basis. The amount of Plaintiff's UIM policy limits does not tend to make any fact of consequence needed to answer those questions more or less likely.

Similarly, in the event the jury were to ultimately decide that State Farm owed benefits, and/or that benefits were unreasonably withheld, knowing the amount of UIM limits would not assist the jury in determining the amount of benefits which were unreasonably delayed or denied.

Additionally, even if the Court were to find that the limits of the UIM policies had some probative value, the probative value would be substantially outweighed by the danger of unfair prejudice. If the jury is told the amount of UIM coverage available to Plaintiff, then they may use this information as a yardstick to determine Plaintiff's damages. The jury's decision regarding the amount of Plaintiff's damages should not be tainted or prejudiced by their knowledge of the amount of Plaintiff's UIM coverage. As such, the amount of Plaintiff's UIM policy limits is also inadmissible pursuant to Federal Rule of Evidence 403.

### B. Motion in *Limine Re:* Exclusion of Post-Litigation Coverage Investigation

As an initial matter, State Farm submits that the post-litigation coverage investigation is not relevant to Plaintiff's breach of contract claim as the parties have already stipulated to the available UIM coverage under both policies. *See* Doc. 73 at 5, § 4, ¶¶ 1-2.

Evidence of the post-litigation coverage investigation is also irrelevant to Plaintiff's claims of bad faith, would be unfairly prejudicial to State Farm, and would require the disclosure of information protected by the attorney-client privilege. Of note, while Plaintiff's First Amended Complaint frames the post-litigation coverage investigation as being undertaken by State Farm alone, the post-litigation investigation of this case (including all discovery) was undertaken by defense counsel, in consultation with State Farm. As Magistrate Judge Hegarty explained in his Report recommending the denial of Plaintiff's Motion for Leave to Amend Complaint to add a claim for exemplary damages; "[m]erely framing the exemplary damages allegations in reference

to Defendant rather than its counsel is insufficient alone; the substance of the allegations remains relevant." Doc. 71 at 9.

Although it was ultimately State Farm's decision to afford coverage to Plaintiff under Ms. Anthony's policy, that decision was made based upon the investigation and advice of defense counsel—all of which occurred post-litigation. Thus in order for the conduct of defense counsel to be relevant, Plaintiff would have to demonstrate that there are "extraordinary facts" which allow defense counsel's conduct during litigation to be imputed to State Farm as evidence of its own bad faith. *Parsons v. Allstate Ins. Co.*, 165 P.3d 809, 819 (Colo. App. 2006). Plaintiff's allegations do not amount to "extraordinary facts" and, as such, defense counsel's actions cannot be imputed to State Farm as evidence of bad faith and are irrelevant as a result.

Moreover, the details of defense counsel's coverage investigation and specific advice to State Farm regarding whether to extend coverage constitutes "professional advice from a lawyer… communicated…to the client…in the course of gaining counsel, advice, or direction with respect to the client's rights or obligations." *Tucker*, 232 P.3d at 198. As such, these communications are protected from disclosure by the attorney-client privilege and any evidence concerning counsel's coverage investigation should be inadmissible at trial.

It would also inflict a tremendous amount of unfair prejudice on State Farm to allow Plaintiff to reference the post-litigation coverage investigation and the timing of State Farm's decision to question and subsequently extend coverage to Plaintiff under Ms. Anthony's policy, unfair prejudice which far outweighs any probative value such

7

evidence may have. For example, any questioning of a State Farm representative at trial about the coverage investigation and rationale behind the post-litigation decision to ultimately afford coverage would put State Farm in an untenable position. In order to answer counsel's question, State Farm would be forced to choose between giving the unhelpful answer of saying it was based upon State Farm's counsel's recommendation, or waiving the most sacrosanct privilege in the law and disclosing attorney-client communications. Further, and as recognized by the *Parsons* Court, evidence regarding a post-litigation investigation performed by defense counsel creates a conflict of interest, it creates dilemmas for attorneys representing insurance companies, and potentially forces defense counsel to withdraw in the middle of trial. *See Parsons*, 165 P.3d at 817 (citations omitted). The risk of unfair prejudice to State Farm from the disclosure of the post-litigation coverage investigation and any evidence related to it substantially outweighs its probative value and should be excluded pursuant to Fed. R. Evid. 403.

WHEREFORE, for the reasons stated above, State Farm respectfully requests the Court grant its Motion in *Limine* and Order that any reference, evidence, or argument of the amount of Plaintiff's UM/UIM policy limits is excluded from trial, and that any reference, evidence, or argument about State Farm's post-litigation investigation into Plaintiff's marital status and his eligibility for coverage under Ms. Anthony's State Farm policy is excluded from trial.

Respectfully submitted this 15th day of February, 2023.

By: *s/ Robert A. Zahradnik-Mitchell*
Rebecca K. Wagner (CO Bar No. 33473)
Robert A. Zahradnik-Mitchell (CO Bar No. 50307)
Campbell, Wagner & Frazier, LLC
5251 DTC Parkway, Suite 400
Greenwood Village, Colorado  80111
(303) 831-5990
Email:  rwagner@cwf-law.net
           rzahradnik@cwf-law.net
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of February, 2023, I presented the foregoing **DEFENDANT'S MOTION IN *LIMINE*** to the following via CM/ECF:

Sean Cumberlege, Esq.
Cumberlege Law, LLC
4450 Arapahoe Ave., Suite 100
Boulder, CO 80303

*s/Robert A. Zahradnik-Mitchell*
Robert A. Zahradnik-Mitchell